**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

NICHOLAS CORTEZ ADDISON                                                                  PLAINTIFF

v.                                           3:15CV00091-DPM-JJV

JOEY MARTIN, Jail Administrator,
Poinsett County Detention Center; *et al.*                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Nicholas Cortez Addison ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.)  He alleges that his rights were violated due to the conditions of his confinement at the Poinsett County Detention Center. (*Id*. at 4.)  After review of Plaintiff's Complaint, the Court finds that he has failed to state a claim upon which relief may be granted.[1]

### II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,*

---

[1]Plaintiff was given an opportunity to file an amended complaint. (Doc. No. 3.) He has declined to do so.

780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III. ANALYSIS

Plaintiff brings this action against Defendants Joey Martin and Kim Muse.[2] He alleges that: (1) he has been denied adequate recreation time; (2) he was placed on suicide watch in a cold cell; and (3) he has since been placed in 'detox' in a cell that is too hot. (Doc. No. 2 at 4.) Plaintiff has failed to allege that Defendant Martin was personally involved in any of these violations. Moreover, he cannot hold this Defendant responsible based solely on his position as jail administrator. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory not available under section 1983.). With respect to Defendant Muse, Plaintiff alleges only that he told her his 'detox' cell was too warm. (Doc. No. 2 at 4.) She allegedly responded by informing him that the air conditioning did not work and that the facility lacked funds to fix the system. (*Id*.) While being subjected to extreme temperatures can potentially violate an inmate's rights, Plaintiff has failed to plead sufficient facts to state such a claim. Notably, he has failed to allege any details about the temperature in his cell or its effect on his person. Instead, Plaintiff claims only that the cell is "real hot" and that it "stinks." (*Id*.) As such, it is unclear whether his cell is dangerously warm or merely uncomfortable. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (The "Constitution does not

---

[2] Sheriff Larry Mills has already been dismissed as a defendant to this action. (Doc. No. 6.)

mandate comfortable prisons" nor that the prisons be "free of discomfort."); *see also Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010) (noting that "extreme deprivations" are required to state a successful conditions of confinement claim.).

Based on the foregoing, the Court recommends that this action be dismissed without prejudice for failure to state an actionable claim. If Plaintiff wishes to bolster his allegations he may do so in his objections to this recommendation.

## IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 28th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."